*10
 
 Matthias, J.,
 

 concurring. The statutory provisions regarding privileged communications are clear and mandatory. In language that cannot be misunderstood, it is there provided that the persons named shall not testify in certain respects and specifically precludes the testimony of “a physician, concerning a communication made to him by his patient in that relation, or his advice to his patient.” The only release from this positive prohibition is that he “may testify by express consent of the * * * patient” or if the “patient voluntarily testifies the * * * physician may be compelled to testify on the same subject.”
 

 The plaintiff did not testify relative to any communication to the physician or relative to any advice from him. Numerous cases are cited in 28 Ruling Case Law, 544, Section 134, in support of the proposition there stated that “A patient does not, by voluntarily testifying as to his condition or ailment, without going into detail, or referring to communications to his physician, waive the privilege of the statute.”
 

 We are concerned only with the construction and application of the provisions of the statute as we find them. Very respectable authority has been cited denouncing similar statutory provisions upon the ground that in some instances' they permit the suppression of available proof with unfair and unjust results. Let it again be stated that the amendment of the statute is a legislative and not a judicial function.